Avery, J.
The questions discussed in the present case arise principally out of the act to abolish imprisonment for debt. Swan’s Stat. 646. In this act, it is declared that *no person shall be arrested or imprisoned on any mesne or final process, except in cases therein specified. Section 3 of the act is as follows, to wit: “If any creditor, his authorized agent or attorney, shall make oath or affirmation in writing, before any judge of the Supreme Court, or court of common pleas, justice of tho peace, or clerk of either of said courts, that there is a debt or demand justly due to such oreditor of $100 or upward, specifying, as neai'ly as *258 may be, the nature and amount thereof, and establishing one or more of the following particulars;” which particulars, set forth in the statute, are five in number; but it is necessary here to specify only one of these, which is in these words, to wit: “That ho, tho defendant (meaning the debtor) has assigned, removed, or disposed of, or is about to dispose of, his property, with intent to defraud his creditors.” The statute, after having described the affidavit to be made by the creditor, directs that he shall file such affidavit with the clerk of the court of common pleas of the proper county, and such clerk shall thereupon issue a capias which shall be served, and the suit instituted thereby shall be, in all respects, conducted in the same manner as if this act—the act above mentioned—had not been passed. The law on the subject of writs was greatly changed by this act, and since its passage, a compliance with its specific provisions is made indispensable, before the person of the defendant can be arrested. It is denied by the plaintiff in error that there has been such a compliance in the present case. In point of fact, the creditor, before ho took his writ, did, as it appears from the affidavit given above, make oath in writing and before the clerk, according to the language of the act, and to fulfill the direction, that by such oath, he should show a demand justly due him of $100 or upward; he stated in this affidavit that there was justly due him $940.28, over and above all discounts and payment on account of the same. This is certainly a full statement, and very plainly just what the law required. Then as to specifying, as nearly as may be, the nature and amount of the demand, *the amount is given exactly, and the nature of the claim indicated, as consisting of a note and an account, each described with the fullness and accuracy, suited to a declaration in the action.
The remaining words of section 3 of the act, so far as they embrace the fourth of the particulars therein specified, have given rise to the principal discussion in the case. It is urged in argument by the plaintiff’s counsel, that in this affidavit the creditor swears to a legal conclusion only, and not to any facts from which the conclusion could be drawn. The language of the affidavit is, “ that said Hockspringor is about to dispose of his property, with intent to defraud his creditors.” Is the phrase, “Hockspringer is about to dispose of his property,” a legal con■clusion only ? A similar form of expression is used in four of *259 the five particulars specified in this section. In the first, “tho defendant is about to remove his property out of the jurisdiction.”
In the second, “ that he is about to convert his property into money.
In the fifth, “that he fraudulently contracted the debt,” for which suit is about to be brought.
In the fourth, the particulars giving rise to this discussion, “that he has disposed of, or is about to dispose of his property.” Had he sworn that the debtor had disposed of his property, then evidently he would have sworn to a fact. . It is true, the mind draws conclusions from certain facts; and in the case under consideration, the creditor may be supposed to have witnessed particular acts in the debtor which usually precede the disposition of property, and may have hoard his threats or expressions showing a design to dispose of it; and from these facts, have concluded that he would certainly dispose of his property. Now, would not the affidavit be defective under this law, if it should state these facts, and all others that could, by possibility exist, leading to the' conclusion, and should omit to state the conclusion itself, that is, “that the debtor was about to dispose of his ^property.” These facts are not named in the act, and do not constitute themselves the thing required; though, from such facts, what is required may properly enough be inferred. The mode of expression, repeated so often in this section of the statute, is one that frequently occurs in popular language. Its meaning can be sufficiently understood; and it is the debtor’s being actually about to dispose of his property, and not merely circumstances that lead the creditor to suspect or believe it, that should appear distinctly stated in the affidavit. Nor is it perceived how the following words, viz., “ with intent to defraud his creditors,” can be regarded as a legal conclusion, in the meaning of the objection. The intention with which an act has been done, is habitually treated by the accurate pleader as a fact, in cases where peculiar accuracy of expression is required. In many sections of tho criminal law this term is introduced, and in the indictments founded upon such sections, the intention is always set out by averment as a fact.
But, supposing it proper and necessary to state the provision as it appears in the act substantially, is the affidavit, nevertheless, defective, in not stating any facts to establish the particulars in *260 this case required? Tbo facts here intended must be such as would furnish evidence more or less conclusive of the existence of that which is required, before a capias can issue. There is no doubt but it would be proper or allowable in given cases, for the creditor to state the circumstances upon which he based his affidavit. But though it may sometimes bo proper, still, as the statute has not required any such statement, can the affidavit, in no case, bo sufficient without something of that kind.
It must bo remembered that this law allows an arrest upon a capias ad respondendum, on the affidavit alone of the creditor, not requiring, as in the case of a ca. sa., an affidavit and other testimony. And further, that by law, the fact sworn to in the affidavit to hold to bail, must be taken as true, without going into the merits. From this it results that the affidavit establishes the partieular upon which the'.capias *is allowed. The argument further claims that the affidavit under consideration ought not to bo hold sufficient, because the debtor, if it bo so held, will not bo protected against an unjustifiable arrest, and the creditor, though guilty of swearing to a falsehood, could not be punished for perjury. Without stopping to inquire whether the introduction of additional statements into the affidavit, would be more or less likely to produce a conviction, in case of false swearing as to the necessary fact, it is sufficient to say that, as it seems to us, perjury may be committed in the making of such an affidavit, and that it may be punished.
The debtor was or was not about to dispose of his property; and if the charge was false, he would' be one competent witness to prove it so. There might, in many cases, bo no great difficulty in proving enough in addition, to establish the guilt before a jury; nor would- the debtor bo, of course, without the civil remedy. This objection we do not consider as fatal to the affidavit. Another alleged cause of error is that the affidavit does not set forth that the debtor had any property. This is not required, by the act, to be stated as a distinct proposition, but, in fact, it sufficiently appears in the affidavit.
The statute in the present case, both in the form and substance of the affidavit, has been followed. In setting out the cause to justify a capias, the very words of the statute have been adopted. And upon the examination of the whole of the affidavit, no defect is discovered to call for a reversal of the judgment. Several other *261 causes of error are assigned, and one shown upon the record-One of these is that there is no indorsement on the writ of the amount in which the defendant should be held to bail.
It is supposed that the case of BEerf ot' al. v. Shirley et ah, 10 Ohio, 263, shows this to be a fatal error. It will be seen by a reference to the opinion given in that case, that this cause of error is not taken notice of, though all the others are separately examined ; and it would be inferred, from the opinion itself, that this cause was, from inadvertence, *named with the rest, and was not in reality decided. But, besides this, one of the members of the court, who assisted in deciding that cause, is a member of the court now, and recollects that no such principle was then decided. We do not regard this objection now as valid. In this case the sum sworn to was indorsed on the writ; and double the amount of that sum -is usual and proper for the bail bond, but no objection to it would exist if the amount were cither more or less. On the examination of all the causes stated in the motion to quash, and in the assignment of errors, we discover no cause for reversing the judgment. It will therefore be affirmed.